# Black's Appeal.

Where there is a conveyance to one partner by a deed absolute on its face and it is attempted to be shown by parol that it was in fact a conveyance to him for the use of himself and co-partner as tenants in common, it is competent to rebut this evidence by showing by parol evidence that it was owned by them as partnership property.

February 19th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term 1877, No. 189. In Equity.

[Black's Appeal.]

Bill in equity, filed by William K. Black, assignee in trust of the estate of Oliver Benner, against Anthony H. Seipt, assignee in trust of the estate of Christian Freyer, to compel a reconveyance to the plaintiff of certain premises, the legal title to which was in the name of the defendant.

The bill alleges that on the 30th day of August 1872, the said Oliver Benner made an assignment to the plaintiff of all his property for the benefit of his creditors, and that the said Christian Freyer, on the 17th day of October 1872, made a like assignment to the defendant of all his property for the benefit of his creditors; that prior to the said assignment to the plaintiff, the said Oliver Benner was the owner in fee of a large piece of ground, situate on Sepviva street, in the city of Philadelphia, and for the purpose of having the same divided into building lots, and mortgages created thereon in his own favor, he vested the title thereto temporarily in one Harman Yerkes; that the said Harman Yerkes thereupon made and executed to the said Benner eighteen indentures of mortgages, each upon a separate portion of the said premises; and immediately thereafter, by direction of the said Benner, conveyed the legal title to Christian Freyer, by whose assignment for the benefit of his creditors the legal title vested in the defendant; that these conveyances were without consideration, and for the purpose of enabling Benner to raise money on the mortgages, for the improvement of the property, and this purpose having failed, the bonds and mortgages were subsequently, by agreement of all the parties, surrendered and cancelled. Under these circumstances, the bill claimed that the plaintiff was entitled, as assignee of Benner, to a conveyance of the premises.

The answer admits that the legal title to the premises in question passed from Benner to Freyer by the conveyances mentioned in the bill, and that the same were without any consideration. It avers, however, that Freyer and Benner had been copartners in business, and the premises were the property of the firm; that the defendant held the title thereto, under the assignment from Freyer, in trust to dispose of the same for the benefit of the creditors of the firm, and that his right to do so had always been acquiesced in by the plaintiff; that the plaintiff, in the inventory of the estate of Oliver Benner, filed by him as assignee, described the premises as the "property of Oliver Benner, Christian Freyer and Jacob S. Frederick, partners," and in a suit in equity, wherein the present plaintiff and defendant were co-plaintiffs, the said premises were described as the property of the firm; that the plaintiff Black was the holder of a judgment against Benner, which was a lien on the said premises, and the defendant being about to advance his own money to complete the unfinished buildings thereon, procured from Black an agreement, in writing, that he would not claim any lien on or right of payment out of the said premises on account of the said

judgment, until the money advanced by the defendant had been first repaid to him, and that the said Black would, from time to time, execute releases of the lien of said judgment to the purchasers of the premises: provided, however, that such releases should not impair the right of the said Black to claim against the fund arising from the sale of the premises *as real estate,* after repayment to the defendant of the money advanced by him for the completion of the buildings; that the buildings were completed with the moneys advanced by the defendant, and were afterwards sold by him at public sale, without any objection thereto on the part of the plaintiff; that some of the purchasers at said sale required that the plaintiff should join in the deeds of conveyance with the defendant, but the plaintiff refused to execute any such deeds, unless the defendant would consent that the proceeds of the sale should be applied to the satisfaction of the said judgment of Black *v.* Benner, and of another judgment of Whitall *v.* Benner. In conclusion, the answer averred that the object of the plaintiff in seeking a reconveyance of the premises was not to protect the creditors of the said Benner, but to secure a special advantage and preference to himself and to the said Whitall in the distribution of the trust estate.

Before the master, to whom the case was referred, the plaintiff did not claim that he was entitled to a conveyance of the entire premises. It was contended, on his behalf, that the consideration having consisted in the exchange of certain properties held by Benner and Freyer in severalty and in common respectively, Benner took the title in trust for himself and Freyer, as tenants in common, and upon the conveyance to the latter, he held upon the like trust for himself and Benner. The master so found, and reported that the plaintiff was entitled to a conveyance of an undivided moiety of the premises.

Exceptions were filed to this report, which the court sustained and dismissed the bill. From this decree Black took this appeal.

*John Roberts* and *George W. Thorn,* for appellant.—The property having been bought with the money of both Benner and Freyer, and the deed taken in the name of one, there was a resulting trust in favor of the other to the amount he contributed to the purchase. The property was entered in the firm books in the name of two of the partners, and yet there were three members of the firm. It was manifestly held only for two of the partners and did not constitute a portion of the partnership fund.

*George M. Dallas,* for appellee.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1879.

[Black's Appeal.]

This was a bill to compel the reconveyance of certain real estate. It was filed by the assignee in trust of the estate of Oliver Benner against the assignee in trust of the estate of Christian Freyer. The legal title to the premises was in the name of the appellee. The bill prayed for a conveyance of the whole land; but on the hearing before the master the claim was narrowed to an undivided moiety thereof. The master sustained the claim and reported accordingly. On exceptions filed to the report, they were sustained and the bill dismissed. This is the alleged error.

The ability of the appellant to sustain his assignment of error depends on his establishing that Freyer held the legal title to the premises in question in trust for himself and Benner, *as tenants in common.* In 1868 Benner and Freyer entered into partnership in the business of manufacturing and selling bricks. It continued until the last of August 1872, when Benner made an assignment, for the benefit of his creditors, to the appellant. In October following, Freyer made an assignment for a similar purpose to the appellee. Benner acquired title to the lands in question in June 1871. The consideration of the conveyance to him was the transfer of four separate properties. The title to two of these properties was in "Oliver Benner and Christian Freyer;" of the other two one was in Benner and the other in Freyer. In June 1872, Benner, without consideration, conveyed the title thus acquired to one Yerkes, and the latter, on the same day, and without consideration, at the request of Benner, conveyed the same to Freyer, who retained it down to his assignment. No trust was declared in any of the three deeds. It is neither averred nor proved that the conveyance of this land was made under any agreement that either Benner or Freyer should hold it in trust as to a moiety as tenant in common for the other. The conclusion is sought to be deduced from the other facts and circumstances shown.

It is claimed to follow primarily, from the fact that the title to the lands, transferred as the consideration for the conveyance to Benner, stood in their individual names; that the master has found the lands in question were not purchased and were not necessary for the benefit of the partnership; and that no consideration was paid by Freyer on the conveyance to him.

Several books of the firm of Benner & Fryer, by the respective entries therein, clearly indicate that they recognised real estate as stock, and from which they received rent. While those entries do not specifically identify any of the premises to which we have referred, yet in the absence of evidence that they referred to others, we think the inference a fair one that these lands were held and treated by them as partnership property. The fact that for the purpose of placing mortgages on the lands, without creating personal liability, they were conveyed to a third person in their trans-

mission from Benner to Freyer, in no wise tends to establish a joint tenancy in them.

Certain it is that after the assignment to the appellant he recognised this as partnership property. In the inventory which he filed he designated it as belonging to the firm of Benner & Freyer. Afterwards in a bill filed jointly by the appellant and the appellee, this identical land was averred to be partnership property.

It is unnecessary to refer to many of the authorities cited on the argument. The facts in this case do not admit of their application. This is not the case of a conveyance to Benner & Freyer as tenants in common, and an attempt to show by parol that it is partnership property. It is the case of a conveyance to one by a deed absolute on its face, and an attempt to show by parol that it was in fact a conveyance to him for the use of himself and his copartner as tenants in common. Parol evidence is most assuredly competent to rebut that evidence by showing it was owned by them as partnership property. The learned judge committed no error in dismissing the bill.

> Decree affirmed and appeal dismissed at the costs of the appellant.

SHARSWOOD, C. J., and GORDON and TRUNKEY, JJ., dissented.